# EXHIBIT A



U.S. Department of Justice

Office of Legal Counsel

Office of the
Deputy Assistant Attorney General

Washington, D.C. 20530

NOV 13 1986

TO: William P. Tyson
Director
Executive Office for
United States Attorneys

FROM: Samuel A. Alito, Jr.
Deputy Assistant Attorney General
Office of Legal Counsel

SUBJ: Definition of Vacancy for the Purpose of
Interim Appointment of United States
Attorneys pursuant to 28 U.S.C. 546, as amended.

This memorandum responds to your inquiry, dated October 30, 1986, for a definition of the term "vacancy" in 28 U.S.C. 546, as recently amended by Section 69 of the Criminal Law and Procedure Technical Amendments Act of 1986, approved November 10, 1986, Pub. L. No. 99-___, ___ Stat. ___ (1986).

Section 546 now provides:

> (a) Except as provided in subsection (b), the Attorney General may appoint a United States attorney for the district in which the office of United States attorney is vacant.
>
> (b) The Attorney General shall not appoint as United States attorney a person to whose appointment by the President to that office the Senate refused to give advice and consent.
>
> (c) A person appointed as United States attorney under this section may serve until the earlier of--

    (1) the qualification of a United States attorney for such district appointed by the President under section 541 of this title; or

    (2) the expiration of 120 days after appointment by the Attorney General under this section.

  (d) If an appointment expires under subsection (c)(2), the district court for such district may appoint a United States attorney to serve until the vacancy is filled. The order of appointment by the court shall be filed with the clerk of the court.

You pose two questions:

I. Whether a vacancy exists for which the Attorney General can make an appointment under amended section 546 when the United States Attorney's term in office has expired and the United States Attorney continues to occupy the office as a "holdover." Under this scenario, the present United States Attorney has <u>not</u> submitted a resignation or otherwise vacated the office and he will not be reappointed by the President?

II. Whether a vacancy exists when the 120-day period expires under the amended section 546 and the President has either not made an appointment or the appointment has not been confirmed?

  1. The first question goes to the issue whether the office of a United States Attorney is vacant within the meaning of 28 U.S.C. 546, if the term of a United States Attorney has expired but he holds over pursuant to 28 U.S.C. 541(a) until his successor is appointed and qualified. In <u>Staebler</u> v. <u>Carter</u>, 464 F. Supp. 586 (D. D.C. 1979), the court concluded that an office in which an incumbent serves after the expiration of his statutory term by virtue of a holdover provision is vacant within the meaning of the Recess Appointment Clause of the Constitution (Art. II, sec. 2 cl. 3). Hence, the court held that the President may make a recess appointment to fill that vacancy and thereby oust the incumbent. That decision is consistent with an executive practice that goes back to President Franklin D. Roosevelt (see <u>Staebler</u> v. <u>Carter</u>, 464 F. Supp. at 594). <u>Staebler</u> is also in agreement with the position, consistently taken by the Department of Justice, that statutory devices, such as holdover provisions and court appointments that permit the temporary filling of an office pending the final appointment

-2-

pursuant to the Appointment and Recess Appointment Clauses of the Constitution, do not preclude the President from making an appointment that presupposes a vacancy, such as a recess appointment or the replacement of a holdover officer whom he cannot remove. In our view, the term "vacancy" in 28 U.S.C. 546 has the same meaning as in the Recess Appointments Clause of the Constitution. There is nothing in the meager legislative history of the amendment of 28 U.S.C. 546 that would cause us to conclude otherwise. In any event, the President could create a vacancy by removing the United States Attorney who is holding over.

2. Pursuant to 28 U.S.C. 546(c) and (d), a United States Attorney appointed by the Attorney General pursuant to section 546(a) may serve until the earlier of two events, viz., either the appointment of a United States Attorney by the President pursuant to 28 U.S.C. 541, or the expiration of 120 days after the appointment by the Attorney General. In the latter case, the district court for that district may appoint a United States Attorney to serve until the vacancy is filled. You inquire whether a vacancy exists after the expiration of the 120-day period if no Presidential appointment has been made by then. While this question must be answered in the affirmative, it does not follow that the Attorney General may make another appointment pursuant to 28 U.S.C. 546(a) after the expiration of the 120-day period. The statutory plan discloses a Congressional purpose that after the expiration of the 120-day period further interim appointments are to be made by the court rather than by the Attorney General. This reading of the section is supported by the explanation of the section on the floor of the House of Representatives by Rep. Berman.

> "Once the appointment of an interim United States Attorney expires, the district court appoints a United States Attorney to serve until a presidentially appointed United States Attorney is qualified." Emphasis added. 132 Cong. Rec. H 11294 (Daily ed. Oct. 17, 1986).

-3-

Thus it would appear that Congress intended to confer on the Attorney General only the power to make one interim appointment;[1] a subsequent interim appointment would have to be made by the district court. At most, it could be said that the district court has the primary authority to make subsequent interim appointments, and that the Attorney General may make such appointments only if the district court refuses to make such appointments, or fails to do so within a reasonable period.

We hope this is of assistance; please advise us if we can be of further help to you in this matter.

---

[1] While Congress cannot limit the President's constitutional power to make recess appointments (Peck v. United States, 39 Ct. Cl. 125, 134 (1904); Staebler v. Carter, supra), it can place restraints on a statutory authority to make interim appointments; see, e.g., the 30-day limitation in the Vacancy Act, 5 U.S.C. 3348.

-4-